IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CR-14-217-15-C |
| | ) | |
| ARTURO GALLEGOS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Withdraw Plea of Guilty (Dkt. No. 910). Defendant argues he should be permitted to withdraw his plea of guilty because: 1) his prior counsel did not adequately prepare for trial, 2) did not communicate with him during pretrial preparation, 3) pressured him into accepting the Plea Agreement, and 4) that he pled guilty only because his trial counsel stated he was not prepared for trial.

Withdrawal of a guilty plea is governed by Fed. R. Crim. P. 11(d). That rule states:

(d) **Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere:

\* \* \*

    (2) after the court accepts the plea, but before it imposes sentence if:

\* \* \*

        (B) the defendant can show a fair and just reason for requesting the withdrawal.

The Tenth Circuit has set out seven factors to be considered in determining whether a defendant has met his burden of showing a fair and just reason. Those factors are:

"(1) whether the defendant has asserted his innocence, (2) prejudice to the government, (3) delay in filing defendant's motion, (4) inconvenience to the court, (5) defendant's assistance of counsel, (6) whether the plea is knowing and voluntary, and (7) waste of judicial resources." United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993) (citing United States v. Elias, 937 F.2d 1514, 1520 (10th Cir. 1991). The facts here weigh heavily against permitting Defendant to withdraw his plea.

Defendant does not suggest that he is innocent. Rather, he argues only that he is innocent of the drug quantity set forth in the Plea Agreement and Pre-Sentence Report ("PSR"). Defendant blames his assertions in the Plea Agreement and before the Court that he was responsible for those drug quantities on his feelings of pressure to agree to the plea deal. Of course, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The Court finds this factor weighs against withdrawal of the guilty plea.

The second factor considers the prejudice to the government. Defendant offers no evidence on this issue, only suggesting that the case is relatively straightforward and most of the witnesses are law enforcement. Presumably this suggests that any prejudice would be minimal. In response, Plaintiff notes that Defendant and 22 other individuals were charged in this conspiracy case. All defendants have pled guilty and all but four have been sentenced. Plaintiff argues that if Defendant is permitted to withdraw his plea, a significant amount of

evidence arising from wiretaps, controlled buys, officer surveillance, and other investigatory techniques will be marshaled and presented at trial. Plaintiff also notes that several of the law enforcement witnesses have retired or been promoted and being prepared to call them as witnesses would require significant lead time. The Court finds this factor weighs in favor of denying the request to withdraw.

The third factor examines any delay in filing Defendant's motion. Defendant's counsel asserts that any delay should be attributed to him rather than Defendant. Counsel notes that the delay was necessary to permit him time to obtain and consider the evidence against his client. The Court is not persuaded, as the facts belie this assertion. Defendant entered his guilty plea on February 9, 2015. The initial PSR was provided to the parties on April 15, 2015, and the final PSR provided on May 5, 2015. At no time during this three-month period did Defendant request to withdraw his guilty plea. On May 8, 2015, Defendant, acting on his own behalf, requested new counsel. In this pro se request for new counsel, Defendant outlines many of his current complaints about his prior counsel but does not request to withdraw his guilty plea. Finally, on December 17, 2015, Defendant filed his request to withdraw his guilty plea. Given the narrow grounds Defendant asserts warrant permitting him to withdraw his plea, the Court finds no valid reason for the delay. This factor weighs in favor of denial.

The fourth factor considers inconvenience to the Court. Again, Defendant offers no evidence on this issue. Rather, he notes that withdrawal and trial will likely prolong the case longer than if sentencing proceeds as scheduled. Plaintiff argues that permitting withdrawal

3

of the plea and setting the matter for trial will require substantial disruption, as it will require significant lead time to be prepare for trial. The Court finds this factor neutral. While certainly more time would be required to try the case than to sentence Defendant, the Court's schedule is not such that the difference would have an appreciable impact.

The fifth factor examines assistance of Defendant's counsel. Defendant argues he did not receive effective assistance of counsel prior to entering his guilty plea. Defendant asserts that his prior counsel failed to properly prepare for trial, failed to meet with him to review evidence, and did not properly advise him prior to entry of the guilty plea. In response, Plaintiff notes that at no time until requesting new counsel did Defendant suggest he was dissatisfied with his counsel. To the contrary, during the change of plea colloquy Defendant asserted his satisfaction with counsel, that he understood the nature of the charge against him, and that he was pleading guilty because he was guilty. Plaintiff also notes that as a result of prior counsel's efforts, the sentence Defendant faced was reduced from a statutory minimum of five years to no statutory minimum.

As Plaintiff notes, to establish that ineffective assistance of counsel led to his guilty plea, Defendant must show prejudice. "To show prejudice, the defendant must establish that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." United States v. Gigley, 213 F.3d 509, 516-17 (10th Cir. 2000). Defendant falls well short of the required showing. Indeed, the only suggestion raised by Defendant is that he will challenge the drug quantity for which he may be held responsible. This argument is insufficient to demonstrate a reasonable

probability that he would have gone to trial. This factor weighs in favor of denying Defendant's request.

The sixth factor considers whether the plea is knowing and voluntary. In support of his argument on this factor Defendant renews his claims of feeling unduly pressured by prior counsel to plead guilty. As noted throughout this Order, this argument is clearly contradicted by Defendant's actions and testimony. Defendant, testifying under oath, was quite clear regarding his guilt. During the course of several colloquies with the Court, Defendant admitted his guilt and stated that he knew what he was doing was against the law. Further, even now Defendant does not raise a claim of actual innocence but a claim he is guilty only of a smaller drug quantity. Based on these facts, the Court finds his current assertions of actual innocence without merit.

Defendant's testimony at the change of plea hearing also makes clear the plea was knowingly and voluntarily entered. During that hearing the Court reviewed the terms of the written Plea Agreement and Defendant asserted understanding and assent to those terms. Prior to any substantive questioning the Court obtained Defendant's assurance that he would make the Court aware if he did not understand any of the questions posed to him. The testimony referenced above removes any question regarding Defendant's admission of his guilt. At the hearing, the Court reminded Defendant of the various rights forfeited by pleading guilty, including his right to a trial by jury, the consequences of entering a plea of guilty (including a waiver of his right to trial by jury), and the potential sentence ranges and forfeiture of property. After expressing understanding of those facts, Defendant again

expressed his desire to plead guilty. Defendant also relayed that he had not been threatened, coerced, or promised anything not set forth in the written Plea Agreement in exchange for his guilty plea. Defendant also stated his satisfaction with the services of his counsel who negotiated the Plea Agreement.* Simply put, there is no evidence in either Defendant's testimony at the change of plea hearing or in the present motion to indicate the guilty plea was not knowingly and voluntarily entered. This factor weighs against permitting withdrawal.

The seventh and final factor measures any waste of judicial resources by permitting withdrawal of the guilty plea. Defendant argues that because any trial will be short and straightforward, any waste of judicial resources will be minimal. For all the reasons set forth herein, the Court finds that permitting Defendant to withdraw his plea would waste judicial resources. Thus, this factor weighs against Defendant's request.

In sum, after considering the evidence presented by the parties in their respective briefs and the proceedings at the change of plea hearing, the Court finds Defendant has failed to meet his burden of proving a fair and just reason for setting aside the guilty plea. As the Tenth Circuit has stated: "[w]here . . . the district court has fully informed a defendant of the rights he is waiving, and the defendant's plea-hearing representations support the district court's finding that he knowingly and voluntarily pleaded guilty, 'the occasion for setting aside a guilty plea should seldom arise.'" United States v. Zambrano-Zamora, No.

---

* This testimony also weighs against Defendant when the fifth factor is considered.

97-20067-02-EEO, 1998 WL 560010, at *2 (D. Kan.) (quoting United States v. Newson, 46 F.3d 730, 732 (8th Cir. 1995)).

For the reason set forth herein, Defendant's Motion to Withdraw Plea of Guilty (Dkt. No. 910) is DENIED. A new sentencing date will be set by separate Order.

IT IS SO ORDERED this 21st day of January, 2016.

ROBIN J. CAUTHRON
United States District Judge